# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

GREGORY WISE,

                Petitioner,          :     Case No. 1:13-cv-021

   - vs -                         District Judge William O. Bertelsman
                                    Magistrate Judge Michael R. Merz

ERNIE MOORE, WARDEN,
  Lebanon Correctional Institution

                              :

                Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Gregory Wise to obtain relief from his conviction in the Hamilton County Common Pleas Court on two counts of rape and two counts of unlawful sexual conduct with a minor and the consequent thirty year sentence (Petition, Doc. No. 1). On Magistrate Judge Litkovitz's Order (Doc. No. 4), Respondent Warden has filed a Return of Writ with the state court record appended (Doc. No. 11). Wise has filed a Reply to the Return (Doc. No. 16) and the case is therefore ripe for decision.

Wise pleads the following Grounds for Relief:

> **Ground One:** The trial court erred to the prejudice of the defendant and violated Mr. Wise's 14th amendment due process rights by allowing all the charges and both cases to be joined in one trial. And allowing A.T. and R. W. to testify regarding alleged incidents for which the defendant was not charged in contradiction of evidence rule 404(b) and Ohio Revised Code § 2907.02(d).

> **Supporting Facts**: Mr. Wise had been acquitted for the first indictment's alleged offenses against J. R. in the case at bar. After which, the trial continued and the jury was not instructed on how to separate evidence from each indictment or each specific charge.

1

This testimony should not have been admissible under the Ohio Supreme Court's "Joinder Test", allowing separate and distinct evidence. The evidence was not separate and distinct enough so that the jury would not be prejudiced by it and also keep the testimony of each specific charge separate.

The defendant was convicted, in the fourth count of the indictment, of unlawful sexual conduct with a minor; A.T. testified specifically that no fellatio occurred in the fourth count (TP. 207, 223-224). A.T. also, mentioned only one alleged incident in the summer of 2001, and the defendant was convicted of 2 separate rape charges from that same period. A.T. wasn't even specific to any incident, but spoke in generality, with words like "either" and "might", (T.P. 199-200). On the first count of the indictment, in which the defendant was convicted, A.T. testified to not knowing if anything happened in July 2001 (T.P. 202, 216-217, 224, 231).

Considering fellatio is an essential element of the fourth count, in which no evidence of fellatio was presented, and because of the other issues just presented, the jury clearly lost its way and convicted the defendant because of the prejudicial nature in which the trial was presented to them, and not on specific evidence of each separate charge. The convictions were obtained based on the jury's combination of the illegal use of Evid.R.404(B), "other acts" evidence [for example (T.P. 203)]. This evidence, if considered separately, is not sufficient to sustain all the convictions, therefore, the convictions are improper and joinder is prejudicial, this proving the evidence was not separate and distinct.

Applying the "Joinder Test" is especially illegal for use in Mr. Wise's case because the rape statute [Ohio Revised Code 2907.02(D)] does not allow the jury to hear this highly prejudicial "other acts" evidence. Using the "Joinder Test" to avoid the limits set in R.C. 2907.02(D) directly disregards State Law, RC 2907.02(D), and definitely violates Mr. Wise's rights to the 14th Amendment Due Process of Law, therefore the convictions should be reversed.

**Ground Two**: Trial court erred to the prejudice of the defendant by finding him guilty of rape and unlawful sexual conduct with a minor, as those findings were not supported by sufficient evidence, and the state failed to meet it's [sic] burden of proof.

**Supporting Facts:** In the case at bar, the jury found Mr. Wise guilty of all charges related to the alleged crimes against A.T. , despite the fact that there was absolutely no physical evidence,

A.T. testified he didn't know what years alleged events occurred (which means he didn't know how old he was, for example, was he ten years old… (T.P. 194) or 13 years old…(T.P. 218)), and Mr. Wise was acquitted of the allegations concerning J. R.. There was not any specific evidence presented in the first two rape charges; A.T. spoke only in generality, with words like "either" and "might" (T.P. 199-200). He also testified to not knowing if anything happened in July 2001 (TP 202, 216-217, 224, 231).  And A.T. testified that no fellatio occurred in the fourth count of the indictment,  (TP 207, 223-224), nor was he certain of any fellatio in the third count (TP 205). Fellatio is an essential element of Unlawful Sexual Conduct with a Minor.

After reviewing the relevant evidence at trial, no reasonable trier of fact could find beyond a reasonable doubt the Mr. Wise was guilty of these charges. These convictions were not sustained by sufficient evidence, and such convictions should be overturned.

**Ground Three**: The trial court erred to the prejudice of the defendant by finding him guilty of rape and unlawful sexual conduct with a minor as these findings were contrary to law, and were against the manifest weight of the evidence.

**Supporting Facts**: In the case at bar, the jury clearly "lost it's way" in concluding that Mr. Wise was guilty of these crimes. The prosecution did not present any specific evidence concerning the first two counts in the indictment. A.T. spoke only generality, using words like "either" and "might" (TP 199-200). He also testified he didn't know what years alleged events occurred (which means that he didn't know how old he was, for example, he testified to ten years old (TP 194) and 13 years old (TP 218)). Adam testified to not knowing if anything happened in July 2001 (TP 202, 216-217, 224, 231). A.T. also testified that no fellatio occurred in the fourth count of the indictment (TP 207, 223-224), nor was he certain of any fellatio in the third count (TP 205).

When the court reviews the entire record, including the unreliable testimony of the alleged victim (factoring in the acquittal on all charges involving J.R.) and weights all the relevant evidence, there can only be one conclusion. Considering fellatio is an essential element in order to be convicted of unlawful sexual conduct with a minor, there was no physical evidence. Mr. Wise was acquitted of the charges concerning J.R., and the lack of specific evidence, the jury clearly lost their way and created a manifest miscarriage of justice. Therefore the convictions should be vacated and a new trial ordered.

3

**Ground Four:** The trial court erred to the prejudice of the defendant by imposing a sentence that is contrary to law because it was excessive.

**Supporting Facts:** In the case at bar, the trial court sentenced Mr. Wise to maximum, consecutive sentences, with a total sentence of 30 years. This sentence was handed down only minutes after reading the verdict. The defendant was unprepared for the sentencing hearing (TP 496, 499-500), there was no presentence investigation nor any findings made before the sentence was handed down. The judge considered elements not based in any fact from persons not pertaining to the case (TP 504, 506). This sentence was definitely an abuse of the trial court's discretion as it was erroneous and excessive. The trial court sentenced based on irrational prejudicial emotion and not on any fact findings, for example (TP 509-510, 513). The trial court erred in sentencing Mr. Wise and the sentence should be vacated or modified.

(Petition, Doc. No. 1.)

**Procedural History**

Wise was indicted in 2010 by the Hamilton County Grand Jury on four counts of sexual misconduct with victim J.R. and four counts of sexual misconduct with victim A.T. On the State's Motion the cases were joined for trial. At the conclusion of the State's case, the counts involving J.R. were dismissed, but the jury convicted Wise of all counts in the second indictment. The Ohio First District Court of Appeals affirmed the conviction and sentence on direct appeal. *State v. Wise*, Case No. C-100533 (Ohio App. 1st Dist. June 3, 2011)(unreported, copy at Return of Writ, Doc. No. 11-1, PageID 160 et seq.) The Ohio Supreme Court declined jurisdiction over a subsequent appeal. *Id.* at PageID 186. The instant habeas corpus petition followed.

4

**Ground One:  Improper Joinder**

In his First Ground for Relief, Wise claims his Fourteenth Amendment Due Process rights were violated when the Common Pleas Court allowed the two indictments to be tried together.

Respondent argues this claim is procedurally defaulted because it was never fairly presented to the Ohio courts as a federal claim (Return of Writ, Doc. No. 11, PageID 46-53).  In response, Wise does not claim that this Ground for Relief was ever presented to the state courts as a federal constitutional claim.  Indeed, he admits "[a]ppeal counsel for Mr. Wise did not submit a Constitutional violation in Ground One of the state Appeal because it is not common practice to argue this type of Constitutional violation; although the errors definitely violate the due process clause of the Fourteenth Amendment of the U.S. Constitution."  (Response, Doc. No. 16, PageID 645.)

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim.  *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995); *see also Lowe v. Robinson*, 2014 U.S. Dist. LEXIS 47728 *6 (S.D. Ohio 2014)

If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).

A state prisoner ordinarily does not 'fairly present' a federal claim to a state court if that court must read beyond a petition, a brief, or similar papers to find material that will alert it to the presence of such a claim. *Baldwin v. Reese*, 541 U.S. 27 (2004). When a defendant does so little to present his claim that it has not been fairly presented, then the presumption under *Harrington v. Richter* that the state court decided the claim on the merits is "fully rebutted." *Johnson v. Williams*, 568 U.S. ___, 133 S. Ct. 1088, *; 185 L. Ed. 2d 105 (2013). *On the other hand, when a federal claim is fairly presented but not addressed, "a federal habeas court must presume that the federal claim was adjudicated on the merits. . ."* *Ross v. Pineda,* 2013 U.S.

App. LEXIS 25481 (6th Cir. 2013), *quoting Johnson v. Williams,* 133 S. Ct. 1088, 1096 (2013)(emphasis added).

A petitioner fairly presents a federal habeas claim to the state courts only if he "asserted both the factual and legal basis for his claim. *Hicks v. Straub*, 377 F.3d 538 (6th Cir. 2004), *citing McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000); and *Picard v. Connor*, 404 U.S. 270, 276-78 (1971).

> In determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, we consider whether: 1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; 2) the petitioner relied upon federal cases employing the constitutional analysis in question; 3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or 4) the petitioner alleged "facts well within the mainstream of [the pertinent] constitutional law."

*Hicks* at 552-53, *citing McMeans*, 228 F.3d at 681. *See also Fulcher v. Motley,* 444 F.3d 791 (6th Cir. 2006).

In presenting this claim to the Ohio courts, Wise's appellate counsel argued "[c]onsolidation was improper as evidence of each individual crime should have been inadmissible under Evid. R. 404(B) and the charges were not separate and distinct." (Appellate Brief, Return of Writ, Doc. No. 11-1, PageID 89.) There is no hint of a federal claim in that language. In support of the claim, Wise cited only Ohio law (Criminal Rules, statutes, and case law). *Id.* at PageID 89-90. The assignment of error was argued in terms of Ohio case law interpreting Ohio R. Evid. 404(B), the Ohio "other bad acts" rule which prohibits, at its core, introducing evidence of other bad acts to prove bad character to prove the charged crime by showing a defendant has the relevant bad character trait. Finally, "[t]here is no clearly

established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*, 502 U.S. 62 (1991).

The Court concludes Wise procedurally defaulted his First Ground for Relief by failing to fairly present it to the Ohio courts as a federal constitutional claim.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir.), *cert. denied sub nom, Eley v. Hauk,* __ U.S. __, 131 S.Ct. 822 (2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Ohio courts, like all courts, have a

procedural rule that is applicable, to wit, that they will not decide an issue that has not been presented to them. That rule was "enforced" here by the First District's failure to rule on the constitutional claim now presented. If Wise attempted to present that claim to the First District now, it would be barred by the Ohio criminal *res judicata* doctrine announced in *State v. Perry*, 10 Ohio St. 2d 175 (1967). The Sixth Circuit has repeatedly held the *Perry* rule is an adequate and independent state ground. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Wise attempts to excuse the procedural default by claiming it is not common practice to make this kind of argument in the Ohio appeals courts (Response, Doc. No. 16, PageID 645). Wise offers no proof of this assertion and this Court doubts its accuracy. If this is meant to be a claim that the procedural default is excused by appellate counsel's ineffectiveness in failing to make the constitutional claim, ineffective assistance of appellate counsel can be used as an excuse for procedural default only if it is first presented to the state courts. *Edwards v. Carpenter,* 529 U.S. 446 (2000). Wise has not presented this ineffective assistance of appellate counsel claim to the Ohio courts and the time within which he could have done so has long since expired.

Wise also argues that failure to consider his claims despite the procedural default would result in a "manifest Miscarriage of Justice." (Response, Doc. No. 16, PageID 645.) While the United States Supreme Court has used that language to describe an excuse for procedural default, it is limited to situations where habeas petitioner can present appropriate new evidence of actual innocence. *Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998) (holding that "avoiding a

9

miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence"); *see Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

The First Ground for Relief should therefore be dismissed as procedurally defaulted.

## Ground Two:   Insufficient Evidence

In his Second Ground for Relief, Wise claims he was convicted on insufficient evidence. The Warden defends this Ground for Relief on the merits, asserting the First District's decision is neither contrary to nor an objectively unreasonable application of law clearly established by the Supreme Court of the United States (Return of Writ, Doc. No. 11, PageID 58-65).   Wise responds that the First District's decision is "based on an unreasonable determination of the facts in light of the evidence."  (Response, Doc. 16, PageID 634.)

Wise presented this claim to the First District Court of Appeal as his Second Assignment of Error which decided it as follows:

> When reviewing the sufficiency of the evidence to support a criminal conviction, we must examine the evidence admitted at trial in the light most favorable to the state. We then must determine whether the evidence could have convinced any rational trier of fact that the essential elements of the offense were proved beyond a reasonable doubt.  *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492, paragraph two of the syllabus.  We use the same test to determine whether a trial court properly overruled a defendant's Crim.R. 29 motion for an acquittal.  *State v. Love,* 1st Dist. No. C-100597, 2011-Ohio-2053, at ¶ 6.
>
> . . . .
> The jury found Wise guilty of rape in violation of R.C. 2907.02(A)(1)(b), which prohibits sexual conduct with anyone less than thirteen years of age, whether or not the offender knows the age of the other person. Wise was also found guilty of unlawful sexual conduct with a minor in violation of R.C. 2904.04(A),

which prohibits anyone who is eighteen years of age or older from engaging in sexual conduct with another.

At trial, Wise's· brother-in-law provided detailed testimony that Wise had sexually abused him when he was 12, 13, and 14 years old. Based on his testimony and other evidence adduced at trial, we are convinced that Wise's convictions were supported by sufficient evidence and were not contrary to the manifest weight of the evidence. We, therefore, overrule his second, third, and fourth assignments of error.

*State v. Wise, supra,* PageID 162-53.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after

enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith,* 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a

> sufficiency of the evidence challenge simply because the federal
> court disagrees with the state court. The federal court instead may
> do so only if the state court decision was 'objectively
> unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U. S. ___, ___,
> 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062, (2012)(*per curiam*).

Wise's argument on this Ground for Relief is essentially that the State did not prove sexual conduct, but only sexual contact, during the relevant time periods charged in the indictment.

The indictment charges in the First Count that Wise "purposely engaged in sexual conduct, to wit, fellatio, with A.T." between June 1, 2001, and July 31, 2001. (Return of Writ, Doc. No. 11-1, Ex. 2, PageID 74). The Second Count makes the same allegations for the period August 1, 2001, to August 20, 2001. *Id.* at PageID 75. The Third Count makes the same allegation for the period June 1, 2002, to August 20, 2002. *Id.* The Fourth Count makes the same allegation for the period June 1, 2003, to August 20, 2003. *Id.* at PageID 76. The first two counts are for rape because they allege A.T. was under thirteen at the time the sexual conduct occurred. The last two counts are for unlawful sexual conduct with a minor because they allege A.T. was over thirteen but under sixteen at the time.

The relevant Ohio statutes to which Wise calls the Court's attention are Ohio Revised Code § 2907.01(A) and (B) which read:

> (A) "Sexual conduct" means vaginal intercourse between a male
> and female; anal intercourse, fellatio, and cunnilingus between
> persons regardless of sex; and, without privilege to do so, the
> insertion, however slight, of any part of the body or any
> instrument, apparatus, or other object into the vaginal or anal
> opening of another. Penetration, however slight, is sufficient to
> complete vaginal or anal intercourse.

> (B) "Sexual contact" means any touching of an erogenous zone
> of another, including without limitation the thigh, genitals, buttock,

> pubic region, or, if the person is a female, a breast, for the purpose
> of sexually arousing or gratifying either person.

Wise correctly points out that proof of sexual contact as defined in the Revised Code is insufficient to prove the required element of sexual conduct charged in each of the counts of the indictment.

The First District did not summarize the testimony on which it relied to find there was sufficient evidence. The Warden sought to remedy that by quoting at length from the State's summary of the evidence in its appellate brief (Return, Doc. No. 11, PageID 62-64, quoting Doc. No. 11-1, Ex. 11, PageID 147-50.) Wise asserts this summary does not accurately portray the testimony actually given (Response, Doc. No. 16, PageID 635-37.) This Court has reviewed A.T.'s testimony and finds as follows:

A.T. testified on July 27, 2010, at which time he was twenty-one years old (Trial Tr. PageID 190). He was born August 21, 1988. *Id.* He testified that Wise began to molest him when he visited his sister Rachel when he was ten years old. *Id.* at PageID 194. By "molest" he meant "[t]ouch my penis and things like that when I was sleeping." *Id.* After putting his hand into A.T. pants, "he would perform oral on me." *Id.* at 196. This sort of conduct was repeated when A.T. went with J.R. and other family members to Clifton to buy back-to-school clothes in August. *Id.* at PageID 196. In the summer of 2001 when A.T. was 12, they were at Wise's apartment for three or four nights. *Id.* at PageID 198. Two out of the three or four nights they were there, "[h]e would take my pants down while I was sleeping, and either just touch my penis while I was pretending to be asleep, or he might take it farther and put my penis in his mouth or maybe take my hand and put it down his pants." *Id.* at PageID 199-200. The next summer when A.T. turned thirteen, he again stayed at his sister's apartment where Wise lived. In the

course of his life, he testified Wise had molested him "at least fifty times." *Id.* at PageID 203. Sometimes he would just touch A.T.'s penis with his hand and sometimes he would masturbate A.T. or fellate him. *Id.* at PageID 204. Specifically during August 2002 when A.T. was thirteen, "I believe he put my penis in his mouth." *Id.* at PageID 205. He never told his sister because he "didn't want her to think that I was gay or think I would do that." *Id.* at PageID 206.

In August of 2003, A.T. was fourteen. *Id.* at PageID 206. Wise initiated sexual contact with him. *Id.* at PageID 207. On cross-examination, A.T. stated that Wise's conduct with him happened in 2001, the first time he went to the apartment on Clifton, and then also in 2002, 2003, and 2004. His sister Rachel had assisted him with the timeline about events. *Id.* at PageID 218-19. He clarified his testimony that Wise performed oral sex on him in 2003. *Id.* at PageID 225. On re-direct he indicated "something like this happened with Mr. Wise" five times in July and August, 2001.

This testimony was given in 2010, between six and nine years after the events in question. A.T. testified that molestation, which included oral sex on some occasions both before and after his thirteenth birthday, happened whenever he stayed with his sister and happened at least fifty times between 2001 and 2004. Based on that testimony, it was perfectly open to his counsel to argue to the jury that the testimony was not definite enough in terms of dates or conduct to find him guilty. But the credibility of this witness was for the jury to decide and there was sufficient evidence from which the jury could have found him guilty of the four charged counts.

Wise's Second Ground for Relief is without merit.


**Ground Three: Manifest Weight of the Evidence**

In his Third Ground for Relief, Wise claims his conviction is against the manifest weight of the evidence. The Warden defends on the assertion this Ground does not state a claim on which habeas corpus relief is available (Return of Writ, Doc. No. 11, PageID 54-56). Wise makes no reply in his Response.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

The Warden is correct that the manifest weight claim is not cognizable in federal habeas corpus. To put it another way, there is no federal constitutional prohibition against a conviction which is against the manifest weight of the evidence.

In *State v. Thompkins,* 78 Ohio St. 3d 380 (1997)*,* the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review on the claim that the conviction is against the manifest weight of the evidence. It held:

> In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the

16

weight of the evidence. *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.) Black's, *supra*, at 1594.

When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387. In *State v. Martin*, 20 Ohio App. 3d 172 (Hamilton Cty. 1983)(cited approvingly by the Supreme Court in *Thompkins*), Judge Robert Black contrasted the manifest weight of the evidence claim:

In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. …

*Martin,* 20 Ohio App. 3d 172, ¶3 of the syllabus. The consequences of the distinction are

important for a criminal defendant.  The State may retry a case reversed on the manifest weight of the evidence;  retrial of a conviction reversed for insufficiency of the evidence is barred by the Double Jeopardy Clause.  *Tibbs v. Florida*, 457 U.S. 31, 41 (1982).

Ground Three should therefore be dismissed for failure to state a claim on which habeas corpus relief can be granted.


**Ground Four:  Excessive Sentence**


In his Fourth Ground for Relief, Wise asserts his sentence is excessive.  The Warden defends on the same basis as Ground Three, to wit, that this does not state a claim under the federal Constitution.  Wise does not reply to this argument in his Response.

The Eighth Amendment prohibition on cruel and unusual punishment does not require a strict proportionality between the crime and sentence.  Rather, it only prohibits "extreme sentences that are 'grossly disproportionate' to the crime."  *Harmelin v. Michigan,* 501 U.S. 957 (1991)(plurality opinion); *United States v. Marks,* 209 F.3d 577, 583 (6th Cir. 2000).  The gross disproportionality principle is applicable only in the exceedingly rare and extreme case.  *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003).  A sentence within the statutory maximum generally does not constitute cruel and unusual punishment.  *Austin v. Jackson,* 213 F.3d 298 (6th Cir. 2000); *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995).  There is no doubt that the sentence imposed on Wise is within the statutory maximum authorized by Ohio law.  *State v. Wise, supra*, at PageID 163.

Wise's Fourth Ground for Relief is therefore without merit and should be dismissed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

April 9, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).